FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 2 0 2015

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 6:15CR33 JUDGE MHS/JDL |
| FAROUQ IBRAHIM a/k/a CARL LADD | § § | |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## COUNTS 1-3

Violation: 18 U.S.C. § 1341
(Mail Fraud)

1.   From on or about August 2009, through on or about September 2013, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, the defendant, **Farouq Ibrahim a/k/a Carl Ladd**, with the intent to defraud, willfully participated in, with knowledge of its fraudulent nature, a scheme and artifice to defraud and to obtain money or property by means of false or fraudulent pretenses, representations, or promises and to sell, dispose of, loan, exchange, alter, give away, distribute, supply, and furnish and procure for unlawful use any counterfeit and spurious coin, obligation, security, and other article, and anything represented to be and intimated and held out to be such counterfeit and spurious article.

### Purpose of the Scheme and Artifice

2.   It was the general purpose of the scheme and artifice for the defendant and others to unlawfully obtain money through the distribution of counterfeit monetary

Indictment – Page 1

instruments (CMI). To this end, the defendant and others would, among other things, (a) distribute CMI, and (b) obtain the illegal proceeds of the crime.

## The Scheme and Artifice

3.  It was part of the scheme to defraud and to obtain money and property through the distribution, supply, furnishing, and procurement of CMI that the defendant, **Farouq Ibrahim a/k/a Carl Ladd**, would, among other things:

   a.  Procure, produce, and cause to be produced CMI, including counterfeit bank checks;

   b.  Use false names, including Carl Ladd, to communicate from outside the United States, typically from Nigeria, by e-mail and Internet instant messaging, with individuals in the United States in order to secure their assistance in negotiating the CMI;

   c.  Supply counterfeit monetary instruments to S.E. and others, who assisted in the distribution of CMI, by mailing and causing the mailing of CMI through the United States Postal Service as well as through private and commercial interstate carriers;

   d.  Mail large packages containing bulk quantities of CMI to S.E. and others and direct them to mail smaller packages of CMI to other individuals who were willing to negotiate them;

   e.  Send, via e-mail, lists of names and addresses to S.E. and others, and instruct them to mail a specified amount of CMI to each person on the list;

   f.  At times, provide an instruction sheet, also via e-mail, to S.E. and others that was to be included in each smaller package of CMI;

g. Instruct others to deposit and cash the counterfeit checks and wire a percentage of the proceeds to him and to others by Western Union and other methods; and

h. Obtain control of portions of the proceeds of the scheme and use these monies for his personal benefit, as well as that of others.

### Acts in Execution of the Scheme and Artifice

4. On or about the dates specified as to each count below, in the Eastern District of Texas and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and obtain money and property and distribute counterfeit articles, the defendant, **Farouq Ibrahim a/k/a Carl Ladd**, knowingly caused to be delivered by a private and commercial interstate carrier according to the direction thereon the following matter:

| Count | Date | Item | Recipient | Contents |
|---|---|---|---|---|
| 1 | October 18, 2012 | USPS Express Mail EO 058 052 545 US | A█████W█████ Frisco, TX | CMI |
| 2 | December 5, 2012 | USPS Express Mail EO 058 734 994 US | P█████L█████ Kilgore, TX | CMI |
| 3 | December 5, 2012 | USPS Express Mail EO 058 734 760 US | V█████C█████ Bonham, TX | CMI |

All in violation of 18 U.S.C. § 1341.

## COUNTS 4-6

Violation: 18 U.S.C. §§ 1028A<br>and 2<br>(Aggravated Identity Theft)

1. Paragraphs 1 through 4 of Counts 1-3 of this indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified as to each count below, in the Eastern District of Texas, and elsewhere, the defendant, **Farouq Ibrahim a/k/a Carl Ladd**, aided and abetted by others both known and unknown to the Grand Jury, did, without lawful authority, knowingly use, a means of identification of another person, that is, a name, during in and relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, mail fraud, a violation of 18 U.S.C. § 1341:

| Count | Date | Name |
|---|---|---|
| 4 | October 18, 2012 | A.W. |
| 5 | December 5, 2012 | P.L. |
| 6 | December 5, 2012 | V.C. |

All in violation of 18 U.S.C. §§ 1028A and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

1. The allegations contained in Counts 1 through 3 of this indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 18 U.S.C. § 1341, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred, or sold to, or deposited with a third party;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **Farouq Ibrahim a/k/a Carl Ladd**.

4. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

5-20-2015
Date

JOHN M. BALES
UNITED STATES ATTORNEY

_____, AUSA, for NCK
NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. 6:15CR___ |
| | § | JUDGE _____ |
| FAROUQ IBRAHIM | § | |
| a/k/a CARL LADD | § | |

## NOTICE OF PENALTY

### COUNTS 1-3

VIOLATION: Title 18, United States Code, Section 1341
Mail Fraud

PENALTY: Imprisonment of not more than twenty (20) years; the greater of a fine not to exceed $250,000, a fine not to exceed two times the gross gain to the Defendant, or a fine not to exceed two times the loss to the victim, or both such imprisonment and fine; and a term of supervised release of not more than three (3) years.

SPECIAL ASSESSMENT: $100.00 each count

### COUNTS 4-6

VIOLATION: Title 18, United States Code, Section 1028A
Aggravated Identity Theft

PENALTY: Imprisonment of not less than two (2) years and a fine of $250,000 to be followed by not more than one (1) year supervised release. This sentence is to run consecutively to any other sentence imposed. A person convicted of a violation of this section shall not be placed on probation.

SPECIAL ASSESSMENT: $100.00 each count